UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL MOHAMMED,<br><br>                    Plaintiff,<br><br>v.<br><br>CHRISTOPHER COOPER, *et al.*,<br><br>                    Defendants. | Civil Action No. 1:23-cv-01475 (ACR) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Abdul Mohammed ("Plaintiff") filed this action in the Superior Court of the District of Columbia ("Superior Court"). The Complaint seeks damages against Defendants Christopher Cooper, Beryl Howell, James Boasberg, Colleen Kollar-Kotelly, Amy Berman Jackson, Rudolph Contreras, Tanya Chutkan, Randolph Moss, Amit Mehta, Timothy Kelly, Trevor McFadden, Dabney Friedrich, Carl Nichols, Jia Cobb, Thomas Hogan, Royce Lamberth, Paul Friedman, Emmet Sullivan, Reggie Walton, John Bates, Richard Leon, Barbara Rothstein, Michael Harvey, Zia Faruqi, Robin Meriweather, and Moxila Upadhyaya (collectively, "Defendants")—all of whom are federal judges—arising from the dismissal of a previously filed action, *Mohammed v. Biden*, No. 22-cv-3489 (D.D.C.), before Judge Cooper. Dkt. 1-1 ¶ 5.

Currently before this Court are Plaintiff's Motion to Remand, Dkt. 7; Defendants' request for a pre-filing injunction, Dkt. 12 at 5; and the United States' request for a pre-filing injunction and related order, Dkt. 14. For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Remand; **ENJOINS** Plaintiff from filing another lawsuit in the U.S. District Court for the District of Columbia subject to the details of this Order; and **STAYS** the obligation of any

1

defendant named in a civil action brought by Plaintiff in the U.S. District Court for the District of Columbia, or removed to the U.S. District Court for the District of Columbia, to plead or otherwise respond to such complaint absent further order of the U.S. District Court for the District of Columbia in any such civil action.

## I.  BACKGROUND

Plaintiff's complaint, filed in Superior Court on February 2, 2023, alleges that Judge Cooper dismissed Case No. 22-cv-3489 "in a summary manner based on some falsehoods without hearing the Plaintiff even once and without allowing Plaintiff to amend his complaint even once." Dkt. 1-1 ¶ 1.  Plaintiff alleges that the other Defendants "have tolerated [Judge] Cooper's actions . . . when they had the obligation to file a complaint for judicial misconduct against [Judge] Cooper." *Id.* ¶ 7.  He brings 11 statutory, constitutional, and state-law claims. *Id.* ¶¶ 20–71.

Defendants removed the case to this Court under 28 U.S.C. § 1442(a) on May 23, 2023. Dkt. 1.  Soon after, Defendants filed a status report advising the Court of Plaintiff's history of "filing duplicative and frivolous cases" and requested a pre-filing injunction.  Dkt. 6 at 2–3 (quotations omitted).  In their status report, Defendants advised the Court that Plaintiff had failed to effectuate service. *Id.* at 1–2 & n.1.  Defendants also filed a Westfall certification under 28 U.S.C. § 2679(d) to substitute the United States for Defendants with respect to Plaintiff's state law causes of action in Count 10 of his Complaint.  Dkt. 5.

Plaintiff moved to remand, arguing that Defendants' removal was untimely because more than 30 days had expired, and attached more than 1,600 pages of exhibits.  *See* Dkt. 7.  On June 13, 2023, the case was reassigned from Judge Cooper to the undersigned.  The next day the Court ordered Plaintiff to show cause "why the Court should not issue an injunction barring

Plaintiff from filing new complaints in this Court and explaining why his instant complaint is not frivolous, harassing, or duplicative." June 14, 2023 Minute Order (citing *Mohammed v. Biden*, 2023 WL 183674, at *1 (D.D.C. Jan. 13, 2023)). Plaintiff responded on July 7, 2023. Dkt. 7. The United States filed a Statement of Interest on July 13, 2023, requesting a pre-filing injunction and related order. Dkt. 14 at 3.

## II.  DISCUSSION

### A.   Plaintiff's Motion to Remand

#### 1.   *Legal Standard*

Under 28 U.S.C. § 1442(a), "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: . . . [a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." 28 U.S.C. § 1442(a)(3).

Under 28 U.S.C. § 1446, the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). "The Supreme Court has held that the 30-day period for removal under 28 U.S.C. § 1446(b) does not run until a defendant is brought under the court's authority by formal service of process (or waiver of such service)." *UMC Dev., LLC v. D.C.*, 982 F. Supp. 2d 13, 17 (D.D.C. 2013); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). "This is true even if the defendant knows about the suit earlier and has obtained a copy of the complaint."

*UMC Dev., LLC*, 982 F. Supp. at 17; *see also Holmes v. PHI Serv. Co.*, 437 F. Supp. 2d 110, 115 (D.D.C. 2006).

      2.    *Analysis*

Plaintiff had not completed service on Defendants as of May 23, 2023—the date of removal—so the 30-day clock had not begun.[1]  Thus, the removal was timely.  "District of Columbia law controls as to when effective service occurred." *UMC Dev., LLC*, 982 F. Supp. 2d at 17.  Among other issues, as a party, Plaintiff may not act as his own process server. *See* D.C. Super. Ct. R. Civ. P. 4(c)(2); *see also* Fed. R. Civ. P. 4(c)(2).  Moreover, to complete service, Plaintiff must serve the United States Attorney's Office. *See* D.C. Super. Ct. R. Civ. P. 4(i); *see also* Fed. R. Civ. P. 4(i).  And "actual notice of the action is immaterial to the sufficiency of service of process." *McLaughlin v. Fid. Sec. Life Ins.*, 667 A.2d 105, 107 (D.C. 1995) (per curiam).  As of June 20, 2023, the U.S. Attorney's Office "ha[d] no record of proper service on the United States Attorney as required by Rule 4(i) of both the District of Columbia and Federal Rules of Civil Procedure." Dkt. 12 at 4; *see also* Dkt. 6 at 2 (counsel declaring under penalty of perjury that U.S. Attorney's Office service recordation system "contains no record of service on

---

[1] When service is not made or is defective before removal, a plaintiff must effectuate proper service within 90 days of the removal. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(m); *Henok v. Chase Home Fin., LLC*, 890 F. Supp. 2d 65, 71 & n.4 (D.D.C. 2012) (service under § 1448 must be made within 120 days after removal—citing version of Rule 4(m) in effect before time limit was changed from 120 to 90 days); *see also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed.) (stating that "the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court").  The Court notes, however, that "[w]hether the 90 days under Rule 4(m) is calculated from the original date of filing in the state court or whether it is calculated from the date of removal . . . is subject to considerable debate by federal courts." *Hardy-roy v. Shanghai Kindly Enterprises Dev. Grp. Co.*, 2021 WL 229282, at *4 n.6 (D. Colo. Jan. 22, 2021).

the U.S. Attorney's Office in this action as of" June 1, 2023). Thus, Defendants' removal was timely and proper.[2]

### B.   Pre-Filing Injunction

#### 1.   *Legal Standard*

"There is no doubt that a court may employ injunctive remedies—such as filing restrictions—to protect the integrity of courts and the orderly and expeditious administration of justice." *Smith v. Scalia*, 44 F. Supp. 3d 28, 46 (D.D.C. 2014) (quotations omitted), *aff'd*, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015). "Any such restrictions must be narrowly tailored to protect that interest without unduly impairing a litigant's right of access to the courts." *Id.* (cleaned up). "Moreover, such restrictions should remain very much the exception to the general rule of free access to the courts, and the use of such measures against pro se plaintiffs should be approached with particular caution." *Id.* (quotations omitted).

"In this jurisdiction, three steps are required before a district court may issue a pre-filing injunction." *Caldwell v. Obama*, 6 F. Supp. 3d 31, 50 (D.D.C. 2013); *see also Smith*, 44 F. Supp. 3d at 46. "First, concerned with the potential denial of due process rights, the Court must provide notice and the opportunity to be heard." *Caldwell*, 6 F. Supp. 3d at 50. "Second, the court must develop a record for review in order to further ensure that the filer's due process rights are not violated." *Id.* (quotations omitted). "In this regard, the D.C. Circuit has stated that the district courts should consider both the number and content of the filings when considering

---

[2] As Defendants explain, *see* Dkt. 12 at 2–7, the remaining elements of removal under Sections 1442 and 1446 were satisfied. *First*, Plaintiff initiated a civil action, *see* D.C. Super. Ct. R. Civ. P. 2, and the Superior Court is a "State court," 28 U.S.C. § 1451. *Second*, Defendants are federal judges being sued for their action or inaction in connection to a civil case, No. 22-cv-3489 (D.D.C.), so they qualify as parties who can remove. *See* 28 U.S.C. § 1442(a)(3); *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430 (1999). *Third*, Defendants complied with 28 U.S.C. § 1446(d) by providing both Plaintiff and the Superior Court the notice of removal and corrected notice of removal. *See* Dkt. 1; Dkt. 3.

an injunction." *Id.* (quotations omitted). Third, "to avoid vacatur of a pre-filing injunction, the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* (quotations omitted).

        2.     *Analysis*

The Court makes the findings below in support of its narrowly-tailored pre-filing injunction. *First*, the Court provided Plaintiff with notice and an opportunity to be heard when it issued a show cause order requiring Plaintiff to explain "why his instant complaint is not frivolous, harassing, or duplicative," June 14, 2023 Minute Order, and Plaintiff responded, Dkt. 13. Plaintiff argues that the Court "entered the order to show cause . . . only to harass the Plaintiff" and that the undersigned "is disqualified from the instant case due to her prejudice against the Plaintiff and her bias toward the Defendants and their attorneys." Dkt. 13 at 7, 9. Such baseless arguments support *imposing* the pre-filing injunction. *See Caldwell*, 6 F. Supp. 3d at 50 (issuing pre-filing injunction after similar order to show cause and response from litigant); *see also Smith*, 44 F. Supp. 3d at 46 (holding that addressing pre-filing injunction in briefing suffices for notice and opportunity to be heard). Thus, he received adequate notice and an opportunity to be heard.

*Second*, "Plaintiff arrives in this Court with a documented history of vexatious litigation," and he "has been repeatedly sanctioned by the Northern District [of Illinois] and the Seventh Circuit," including with filing restrictions. *Mohammed*, 2023 WL 183674, at *1 (listing cases and noting that from February 2016 to June 2020, Plaintiff filed at least 14 cases in the Northern District of Illinois); *see also In re Mohammed*, 834 F. App'x 240, 241 (7th Cir. 2021) (noting that Plaintiff's "abusive litigation practices were straining court resources and that this [filing bar] is necessary to curb his behavior"). Plaintiff argues that "the instant case is not duplicative

of *Mohammed v. Biden*." Dkt. 13 at 1.  The Court's pre-filing injunction, however, is based on the totality of Plaintiff's conduct in this District and elsewhere.

*Third*, Plaintiff's filings contain "frivolous or harassing" arguments.  *See Caldwell*, 6 F. Supp. 3d at 51.  Plaintiff, for example, repeatedly uses inappropriate language or slurs—which the Court will not repeat here—in his allegations.  *See, e.g.*, Dkt. 1-1 at ¶¶ 6, 13, 14.  Moreover, without a pre-filing injunction "it is highly likely that there will continue to be one lawsuit after another here in this district, naming each successive judge who considers the legally baseless contentions, world without end."  *Smith*, 44 F. Supp. 3d at 47.  This year alone, Plaintiff has filed at least five civil actions in Superior Court against dozens of defendants, including federal officials, federal judges, and others.  *See* Dkt. 14 at 1–2 (listing cases).  Without a pre-filing injunction, this cycle will repeat itself.  *Smith*, 44 F. Supp. 3d at 47 (finding that litigant's "cycle of filing lawsuits against judges who rule against him raises the spectre of harassment" and supported pre-filing injunction).

For the reasons stated above, the Court finds that Plaintiff's filings are "both vexatious and harassing to the parties named as defendants and imposes an unwarranted burden on the orderly and expeditious administration of justice."  *Caldwell*, 6 F. Supp. 3d at 52.

## IV.  CONCLUSION AND ORDER

For the reasons stated above, it is hereby **ORDERED** that Plaintiff's Motion to Remand, Dkt. 7, is **DENIED.**

It is **FURTHER ORDERED** that, effective immediately, Plaintiff is **ENJOINED** from filing any lawsuit in the U.S. District Court for the District of Columbia without first obtaining leave to file upon a showing that the complaint raises new, non-frivolous matters never before decided on the merits or on jurisdictional grounds by the U.S. District Court for the District of Columbia, including a concise description of the non-frivolous allegations contained in such complaint.  Except as noted below, if Plaintiff files a new action in the U.S. District Court for the District of Columbia without first seeking leave to do so in accordance with the stated prerequisites, it will be summarily dismissed.  Further, any such case that meets the description above that is removed to or transferred to the U.S. District Court for the District of Columbia will also be summarily dismissed.[3]  Any attempt to circumvent this pre-filing injunction may lead to the imposition of other sanctions or filing restrictions.

This Order does not prohibit Plaintiff's ability to defend himself in any criminal action, access to the federal courts through the filing of a petition for a writ of habeas corpus or other extraordinary writ, or access to the United States Court of Appeals for the District of Columbia Circuit or the United States Supreme Court.  After two years from the date of this Order, upon a showing of good cause, Plaintiff may request that the U.S. District Court for the District of Columbia modify or rescind the restrictions imposed.

---

[3] The applicability of this Order to removed cases "is necessary to avoid giving [Plaintiff] a straightforward path to evading the filing restriction in every case." *Hansmeier v. HRP Woodbury II, LLC*, 2022 WL 1564973, at *1 (D. Minn. Apr. 11, 2022), *aff'd*, 2022 WL 16907176 (8th Cir. Oct. 18, 2022).

It is **FURTHER ORDERED** that the obligation of any defendant named in a civil action brought by Plaintiff in the U.S. District Court for the District of Columbia, or removed to the U.S. District Court for the District of Columbia, to plead or otherwise respond to such complaint is **AUTOMATICALLY STAYED** absent further order of the U.S. District Court for the District of Columbia in any such civil action.

     **SO ORDERED.**

Date:  July 14, 2023                                                                    ANA C. REYES
                                                                                                            United States District Judge